# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No. 3:08cv00386 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| JOHN DANISH,<br>Chief Trial Counsel, et al., | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Larry E. Ealy brings this case pro se claiming, in part, that Defendants violated his rights under the Fourth Amendment to the United States Constitution. The case is presently before the Court upon Plaintiff's Motion for a Temporary Restraining Order (Doc. #2), Defendants Judge Yarborough and Judge Langer's Memorandum in Opposition (Doc. #14), and the record as a whole.

Plaintiff seeks a temporary restraining order under Fed. R. Civ. P. 65 preventing Defendants "from stalking escorting stopping seizing searching detaining and confiscating [Plaintiff's] official and personal documents papers books court orders etc." [sic]. (Doc. #2 at 2).

Four factors are considered to determine whether a temporary restraining order (TRO) should issue:

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO].

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*NEOCH v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). "'These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.' For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]." *Id*. (quoting in part *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Accepting Plaintiff's allegations as true and construing his pro se Complaint and Motion for a TRO liberally in his favor creates a possibility that he might (or might not) succeed in ultimately proving his claims. This mere possibility is less than a strong likelihood of success on the merits of his claims. In addition, Plaintiff has not alleged sufficient facts to show that he will suffer irreparable injury absent the issuance of a temporary restraining order, and his Motion does not address, or present circumstances supporting, the third or fourth TRO factors. Consequently, considering and balancing all the TRO factors together, Plaintiff has not presented circumstances sufficient to support the issuance of a TRO.

Accordingly, Plaintiff's Motion for a Temporary Restraining Order lacks merit.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Motion for Temporary Restraining Order (Doc. #2) be DENIED.


January 6, 2009

                                         s/ Sharon L. Ovington
                                             Sharon L. Ovington
                                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).