# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No. 3:08cv00386 |
| vs. | : | Chief District Judge Susan J. Dlott |
| | | Magistrate Judge Sharon L. Ovington |
| JOHN DANISH, | : | |
| Chief Trial Counsel, *et al.*, | | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

Plaintiff Larry E. Ealy brings this case pro se claiming, in part, that Defendants violated his rights under the Fourth Amendment to the United States Constitution.

The case is presently before the Court upon Defendants Judges Yarborough and Langer's Motion to Dismiss (Doc. #14), Defendants Montgomery County Sheriff Dave Vore and the Montgomery County Commissioner's Motion for Judgment on the Pleadings (Doc. #15), Defendants Bonfield and Danish's Motion for Judgment on the Pleadings and Memorandum in Opposition (Doc. #23).

This case is likewise before the Court upon Plaintiff's Motions and Memoranda including his Replies To Defendants' Motions And Demand For Change Of Venue To The Southern District Of Jackson MS Due To Bias/Prejudice In Ohio District Courts (Doc. #s 36, 37), his Motion To Amend Petition (Doc. #27, referred by Doc. #29),

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff's Motion For Exparte Restraining Order And To Transfer To The District Of Columbia (Doc. #32), and the record as a whole including, but not limited to, Plaintiff's *pro se* Complaint (Doc. #7).

## II.   PLAINTIFF'S COMPLAINT

Plaintiff alleges, "I am the victim of political assignation and move this Court for an investigation into this matter." (Doc. #7 at ¶7). He asserts that two Defendants – particularly John Danish and Montgomery County Sheriff Dave Vore – "took part in the Obstruction of Official Business and the transfer of false information by generating and falsifying a trespass order to escort and monitor the Plaintiff once he appears for Court." *Id*. at ¶9. Plaintiff further alleges that Defendant Vore generated and issued a memo on December 6, 2006 "to have him seized and escorted and monitored [throughout] the Courthouse of the CPC/DMCC upon his arrival for Court business etc." *Id*. at ¶10. Plaintiff has attached a copy of a Memorandum dated December 6, 2006 containing his photograph and directing the "court detail" of the Montgomery County Sheriff's Office to escort and/or monitor him "at all times while he is in the Court Complex without exception." (Doc. #7, Memo attached).

Plaintiff explains that he first became aware Defendant Vore's memo "after hearing direct testimony from Dayton Police Officer Michael Saylor in case No. 2007 TRD 23651. Officer Saylor served the Plaintiff with a citation at his home ... on 11-4-06[,] the ticket was for impeding traffic and driving with no license[,] the Plaintiff was never pulled over by the Officer in question." *Id*. at ¶s13-14. According to Plaintiff, "Under direct testimony Officer Michael Saylor confirmed that he was handed down the directive by the City of Dayton law Department chief trial counsel John Danish to stop the Plaintiff on sight after he is identified because he was told that the Plaintiff lied about being assaulted in the Montgomery County Courthouse in 1990 by several Dayton Police Officers." *Id*. at ¶16.

Plaintiff directs his remaining allegations on matters related to the 1990 incident

and his resulting federal case. And he maintains, "The CPC, Court of Common Pleas, DMCC, Dayton Municipal Court have ordered that the Montgomery County Sheriffs Department to have the Plaintiff personally seized, stopped, detained, search[ed], escort[ed], and monitored upon the Plaintiff entering the Court building...." *Id*. at ¶21.

Plaintiff claims that Defendants violated his rights under the First, Fourth, and Fourteenth Amendments to the Constitution, and have conspired against him in violation of 42 U.S.C. §1985-2. *Id*. at ¶s 24-37. He seeks the following:

> Judgment as a matter of law in the amount of 51 Million Dollars for Conspiracy to retaliate as a direct and proximate result of the excessive force used in 1990 to continue to damage the Plaintiff both physically and emotionally exacerbating his (PTSS) Posttraumatic Stress Syndrome, and for obstruction of Justice by continuing the harassment carried over from the previous administration in the DMCC/CPC, City of Dayton Law Department, City of Dayton Prosecutor's Office to falsely arrest, illegally search, and seize without due process and, for violating the First Amendment under the United States Constitution, and punitive damages due to the photograph posted as retaliation and reprisal ... it is hung in and through the rogues and galleries of the CPC/DMCC Judges Chambers causing great emotional distress....

*Id*. at p.8.

### III. APPLICABLE STANDARDS

In ruling on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), this Court must construe the Complaint in the plaintiff's favor, accept the allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009); *see Evans-Marshall v. Bd. of Education of Tipp City*, 428 F.3d 223, 228 (6th Cir. 2005).

"[I]n order to survive a Rule 12(b)(6) motion, the nonmoving party must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Bell Atlantic v.*

*Twombly*, 550 F.3d 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)). A Complaint containing facts creating only "a *suspicion* of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The measure of a Rule 12(b)(6) Motion to Dismiss – requiring the Complaint to raise a claim for relief above the speculative level – "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)(quoting in part *Twombly*, 127 S.Ct. at 1965). Consequently, examination of a Complaint for a plausible claim for relief is undertaken in conjunction with "the well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Twombly*, 127 S.Ct. At 1964)).

**IV.     ANALYSIS**

Accepting Plaintiff's allegations as true and liberally construing them in his favor fail to reveal the presence of a viable claim for relief. Even if it is assumed that Defendant Vore or any other Defendant issued the Memorandum on December 6, 2006, Plaintiff does not allege facts sufficient to show a plausible federal constitutional claim. The closest Plaintiff comes to stating a claim is through his allegation that the Memorandum led to his seizure in violation of his Fourth Amendment rights. But the Complaint fails to provide a factual basis to show that the alleged seizure was not supported by a reasonable suspicion, *see Beck v. Ohio*, 379 U.S. 89, 90-91 (1964).

Taken a step further in Plaintiff's favor, even if the Complaint alleges facts sufficient to state a Fourth Amendment violation, his claims are not cognizable in this

case. The Supreme Court explained in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

512 U.S. at 486-87. Plaintiff has not alleged facts indicating that his seizure led to his criminal conviction that was later reversed or invalidated by the Ohio courts. Without such allegations and since Plaintiff seeks to recover monetary damages against the named defendants for alleged violations of his rights under the Fourth Amendment, his claims in the instant case are not cognizable under §1983. *See id*.

In addition, Plaintiff has filed many other cases in this Court concerning the Memorandum issued on December 6, 2006 and raising the same factual allegations and legal claims against the same state, county, and municipal officials he identified in his present Complaint. Those case were captioned, *Larry Ealy, et al. v. Walter H. Rice, et al.*, 3:09cv00100; *Larry E. Ealy v. Dr. Jerome Schulte*, 3:09cv0098; *Larry E. Ealy v. Judge Alice O'McCollum, et al.*, 3:09cv00056; *Larry E. Ealy v. Steve Diorio, et al.*, 3:09cv00052; *Larry E. Ealy v. Judge James Manning, et al.*, 3:09cv00047; *Larry E. Ealy v. Judge James E. Ruppert, et al.*, 3:09cv00010; *Larry Ealy v. Judge Daniel G. Gehres*, 3:06cv00218. Since those cases have been resolved against Plaintiff and since he either raised or could have raised his present allegations and claims in those cases, the doctrines of collateral estoppel and *res judicata* bar his present claims and allegations. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981); *see also Allen v. McCurry*, 449 U.S. 90, 103-05 (1980); *Amadasu v. The Christ Hospital*, 514 F.3d 504, 506-09 (6th Cir. 2008). The Court further notes that the history of Plaintiff's filing of "extremely abusive case filings" was thoroughly documented and addressed in *State of*

*Ohio v. Larry E. Ealy*, 1:09cv00245, 1:09cv00246. Plaintiff's allegations and claims in his present case once again derive from his unsuccessful federal civil rights case, *see Ealy v. City of Dayton*, 1996 WL 724368 (6th Cir., Dec. 16, 1996), and from his allegations about retaliation against him because he had filed and pursued his federal civil rights case. Having unsuccessfully litigated those claims in other past cases, Plaintiff may not relitigate them again in the present case. *See Federated Dept. Stores*, 452 U.S. at 398-99; *see also McCurry*, 449 U.S. at 103-05; *Amadasu*, 514 F.3d at 506-09.

Plaintiff also seeks leave to amend his Complaint. (Doc. #s 26, 27). Although leave to amend a Complaint is freely granted as justice requires, *see* Fed. R. Civ. P. 15(a)(2), Plaintiff's proposed amendments concern various reiterations of his facts and claims that have been thoroughly litigated in his prior cases. As a result, allowing him to amend his Complaint in this case would be futile and is consequently unwarranted. *See Amadasu*, 514 F.3d at 507 (and cases cited therein).

Turning lastly to Plaintiff's Motions to Change Venue to Washington, D.C. or to the Southern District of Jackson, Mississippi, these motions are moot because Defendants' Motions are well taken, Plaintiff's Motions are moot. In addition, the events discussed in Plaintiff's Complaint occurred within Montgomery County, Ohio and were thus within the Southern District of Ohio, Western Division at Dayton, Ohio. *See* 28 U.S.C. §115(b)(1); *see also* S.D. Ohio Civ. 82.1(b). As such, the case was properly venued in this Court. *See* 28 U.S.C. §1391(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants Judges Yarborough and Langer's Motion to Dismiss (Doc. #14), Defendants Montgomery County Sheriff Dave Vore and the Montgomery County Commissioner's Motion for Judgment on the Pleadings (Doc. #15), Defendants Bonfield and Danish's Motion for Judgment on the Pleadings and Memorandum in Opposition (Doc. #23) be GRANTED;

2. Plaintiff's Motions For Change Of Venue (Doc. #s 32, 36, 37) be DENIED;

3. Plaintiff's Motion To Amend Petition (Doc. #27) be DENIED;

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and

5. The case be terminated on the docket of this Court.


July 1, 2009

                                                        s/Sharon L. Ovington
                                                       Sharon L. Ovington
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).